**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2716
_____

UNITED STATES OF AMERICA

v.

JOSE CRUZ,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-12-cr-00091-009)
District Judge: Hon. Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
February 11, 2014

Before: CHAGARES, SHWARTZ and ALDISERT, Circuit Judges.

(Filed: March 7, 2014)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Jose Cruz appeals the judgment of the United States District Court for the Middle

District of Pennsylvania sentencing him to 120 months' incarceration for distribution and

possession with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(C). Cruz contends the District Court improperly calculated his criminal history points under U.S.S.G. § 4A1.2(k)(1) by assigning three points for his 2001 and 2007 state convictions, respectively. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly. On April 11, 2012, a grand jury returned a seven-count indictment against Cruz, including a charge of distribution and possession of cocaine hydrochloride (Count IV). On December 17, 2012, Cruz pled guilty to Count IV pursuant to a written plea agreement.

The U.S. Probation Office prepared a presentence investigation report ("PSR"), which assigned 13 total criminal history points to Cruz.[1] This incorporated six points for two state convictions: one in 2001 for possession of marijuana ("2001 conviction") and another in 2007 for possession of a controlled substance ("2007 conviction"). For Cruz's 2001 conviction, the state court sentenced Cruz to 30 days to 12 months of imprisonment. Though Cruz was paroled, his parole was revoked and he was ordered to serve the balance of three months and 23 days. For his 2007 conviction, the state court sentenced Cruz to 12 months' probation, which was later revoked and Cruz was ordered to serve six to 12 months' imprisonment. Cruz was then paroled while serving this sentence, but his parole was again revoked and he was ordered to serve the balance of four months and four days.

---

[1] Cruz does not object to seven of the criminal history points.

The PSR assigned three criminal history points for Cruz's 2001 and 2007 convictions, respectively, which resulted in a criminal history category of VI. Cruz filed an objection to the PSR and reiterated his objection at the sentencing hearing, arguing that only two criminal history points should be assigned for each of the 2001 and 2007 convictions. The Court rejected Cruz's argument, citing to U.S.S.G. § 4A1.2(k), which instructs courts to add any term of imprisonment imposed upon revocation of parole or probation to the initial stated maximum sentence to determine criminal history points. Because the sums of the stated maximums and revocation sentences for the 2001 and 2007 convictions each exceeded one year and one month, the District Court determined that the PSR correctly assigned three criminal history points for each conviction.

After hearing testimony and arguments from both parties and resolving all objections, the Court adopted the PSR.[2] The Court sentenced Cruz to 120 months' incarceration based on Cruz's offense level of 26 and his criminal history category of VI. Cruz now appeals.[3]

## II.

"Our review of the District Court's interpretation of the Sentencing Guidelines and constitutional questions is plenary." United States v. McKoy, 452 F.3d 234, 236 (3d Cir. 2006) (citation omitted).

---

[2] The Court sustained the Government's objection to a three-point Guidelines credit in the PSR for Cruz's acceptance of responsibility, raising Cruz's offense level from 23 to 26.

[3] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Cruz contends that the District Court erred in assigning three criminal history points instead of two for his 2001 and 2007 convictions, respectively.[4] The Guidelines provide the following instructions to calculate criminal history points:

(a)     Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

(b)     Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

U.S.S.G. § 4A1.1. For prior indeterminate sentences, "the length of a sentence of imprisonment is the stated maximum." U.S.S.G. § 4A1.2, cmt. n.2. The Guidelines further provide:

> In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, <u>add the original term of imprisonment to any term of imprisonment imposed upon revocation</u>. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.

U.S.S.G. § 4A1.2(k)(1) (emphasis added). Accordingly, district courts are to add any revocation sentences to the stated maximum to calculate criminal history points.

### III.

Cruz sets forth four arguments for why the District Court erred in its assignment of criminal history points for his 2001 and 2007 convictions. We address Cruz's arguments in turn and conclude that the District Court did not err.

First, Cruz argues that the District Court's assignment of three criminal history points is based on a legally impossible characterization of the underlying state sentences. Cruz notes that the terms of imprisonment relied on by the District Court—the sums of

---

[4] The total points from U.S.S.G. § 4A1.1(a) to (e) determine the applicable criminal history category in the Sentencing Table in Chapter 5, Part A.

the stated maximums and the revocation sentences for the 2001 and 2007 convictions, respectively—exceed the possible punishment for the respective crimes under state law. Before proceeding further, we reject Cruz's contention that state law should be used to interpret the Guidelines. Courts interpreting the Guidelines "must look to federal, not state law." McKoy, 452 F.3d at 237. Accordingly, we reject Cruz's argument that the District Court erred in assigning three criminal history points because doing so conflicts with state law.

Second, Cruz argues that the formula for addressing revocation terms in § 4A1.2(k)(1) should be reconsidered in light of the rule of lenity. Cruz's argument is unconvincing. "The rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." Reno v. Koray, 515 U.S. 50, 65 (1995) (internal citations and quotation marks omitted). We find the meaning of § 4A1.2(k)(1) to be clear and unambiguous. Section 4A1.2(k)(1) instructs that Cruz's revocation sentences are to be added to the stated maximums for both the 2001 and 2007 convictions. We reject Cruz's argument and hold that the rule of lenity does not apply.

Third, Cruz argues that the District Court's sentence violated his procedural due process rights because it is a "re-characterization" of his original state sentences. Reply Br. 3. We disagree. We note that "[e]nhancement statutes . . . in the nature of criminal history provisions such as those contained in the Sentencing Guidelines . . . do not change the penalty imposed for the earlier conviction." Nichols v. United States, 511 U.S. 738, 747 (1994). Thus, the District Court's assignment of criminal history points under the

5

Guidelines did not re-characterize or change the penalty imposed for Cruz's earlier convictions. See id.

We also reject Cruz's contention that he was denied due process because he was entitled to respond to the possibility of future sentencing enhancements when he "was sentenced in state court in 2001 and 2007." Reply Br. 4. Cruz offers no evidence that he was not warned of potential future enhancements in 2001 and 2007. Moreover, warning a defendant that he "will be treated more harshly" if he is later charged criminally "would merely tell him what he must surely already know." Nichols, 511 U.S. at 748-749 (holding that due process does not require a defendant to be warned that his conviction might be used for enhancement purposes if he is later convicted of another crime).

Due process only requires notice and an opportunity to respond to the factual predicate and the potential punishments in sentencing. United States v. Ausburn, 502 F.3d 313, 322 (3d Cir. 2007). Here, Cruz had notice of the facts and prior convictions underlying the PSR's calculations. He was also given an opportunity to object to the calculation and fully briefed the issue. Thus, Cruz's due process rights were not violated.

Finally, Cruz argues that the District Court's calculations violate the ex post facto clause. The ex post facto clause applies to laws that retroactively alter the definition of criminal conduct or increase the punishment for criminal acts. Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). As applied to the Sentencing Guidelines, an ex post facto problem exists if the relevant Guideline has been materially changed between the instant offense and the sentencing. United States v. Wood, 486 F.3d 781, 790 (3d Cir. 2007). The Sentencing Commission made no material changes to the relevant portions of

6

§ 4A1.1 or § 4A1.2 between the date of the offense (September 2009) and the sentencing hearing before the District Court (May 2013). Accordingly, there are no ex post facto issues.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.